A091 (Rev. 8/01) Criminal Complaint

United States Courts
Southern District of Texas
FILED

AUG 30 2014

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA
V.
**Louis Lamont HAWKINS**
**Pete SANCHEZ**

CRIMINAL COMPLAINT

Case Number: C-14-939m

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __8/28/2014__ in __Brooks__ County, in the
(Date)

Southern    District of    Texas    defendants,    **Louis Lamont HAWKINS and Pete SANCHEZ**

did knowingly or in a reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, transport, or move or attempt to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law,

in violation of Title __8__ United States Code, Section(s) __1324__ .
I further state that I am a(n) __Special Agent__ and that this complaint is based on the
                                   Official Title
following facts:

See Attached Affidavit of Special Agent    **David L. Muir**

Continued on the attached sheet and made a part of this complaint:    [X] Yes    [ ] No

_____
Signature of Complainant

**David L. Muir**
Printed Name of Complainant

Sworn to before me and signed in my presence, and probable cause found

__August 30, 2014__                at        __Corpus Christi, Texas__
Date                                                  City and State

**Jason B. Libby    U.S. Magistrate Judge**            _____
Name and Title of Judicial Officer                       Signature of Judicial Officer

AFFIDAVIT

On August 28, 2014, at approximately 1900 hours (hrs), United States Border Patrol Agents arrested Louis Lamont HAWKINS, Pete SANCHEZ, and four (4) illegal aliens in Brooks County, within the Southern District of Texas. The arrests were subsequent to the discovery by Border Patrol Agents that HAWKINS and SANCHEZ were engaged in knowingly aiding, abetting, transporting, and/or harboring of alien persons who had come to be in the United States illegally.

On August 28, 2014 at approximately 1900 hrs, United States Border Patrol Agents Ramos and Cavazos observed a 2014 Dodge Caravan bearing Texas license plate number DJN4853 traveling northbound on Highway 281. The BPAs, whom had recently been on static duty at the USBP Checkpoint south of Riviera, Texas, recognized DJN4853 as having come through the checkpoint several hours earlier. BPA Ramos had inspected the vehicle as it passed through his lane of duty and remembered the driver stating he and his passenger (HAWKINS) were traveling to Houston, Texas; BPA Ramos observed DJN4853 was occupied only by the driver and HAWKINS. Immediately after DJN4853 passed through inspection, BPA Ramos was advised by BPA Guerra that DJN4853 had been referred to secondary inspection on the previous night.

As BPAs pulled up alongside DJN4853 they noticed what appeared to be human silhouettes in the rear windows. BPA Ramos observed that HAWKINS was now driving DJN4853; BPA Ramos also observed a male person in the front passenger seat (later identified as SANCHEZ) who he recognized was not the driver of DJN4853 when he inspected it earlier. BPAs passed the vehicle and noted it was traveling well below the posted speed limit. BPAs, returning alongside DJN4853, observed that the human silhouettes were now gone. Suspecting they were observing an alien smuggling event, BPAs initiated an investigative detention on DJN4853 and its occupants.

As BPA Ramos approached the driver side of DJN4853, HAWKINS stated "I was just giving them a ride". BPA Ramos instructed HAWKINS to lower the rear window; through the lowered window, BPA Ramos observed four persons attempting to conceal themselves from view within DJN4853. BPAs conducted immigration interviews on the four persons found to be in the rear section of DJN4853; during the interviews it was determined that all four persons were citizens Mexico whom had come to be, and were traveling within the United States illegally. BPAs placed HAWKINS, SANCHEZ, and the four illegal aliens under arrest at that time.

STATEMENT of Louis Lamont HAWKINS:
During interviews, subsequent to the advisement of his constitutional rights, HAWKINS made substantially the following statements (paraphrased):

HAWKINS advised SAs that he had been asked by a man named Adrian XX to drive DJN4853 to Houston, Texas; where HAWKINS had been trying to get to. For driving the vehicle to Houston, HAWKINS would be paid $100 and be allowed to borrow the vehicle. HAWKINS stated that Adrian advised him they would need to stop along the way and pick up a friend of Adrian's. HAWKINS advised that Adrian had helped him out in the past, so he felt indebted to him. HAWKINS accepted the arrangements; HAWKINS stated he did not realize he would be picking up illegal aliens until they got in the car. HAWKINS stated he knew at least two of the five passengers he picked up were illegal aliens when he saw them because of how dirty they were. He also stated he recognized one of the men (SANCHEZ) as a brush guide because he was wearing camouflage and spoke English.

STATEMENT of MATERIAL WITNESSE Jose Alfredo AMARO-Romero:
During interviews, subsequent to the advisement of his constitutional rights, AMARO made substantially the following statements (paraphrased):

AMARO admitted he is a citizen and national of Mexico who had entered and come to be in the United States without having been lawfully admitted. AMARO admitted he had paid $3,500.00 to be transported from his home in Mexico to Houston, Texas. AMARO advised subsequent to crossing the Rio Grande River, he had been transported to a residence in an unknown location in Texas where he remained for approximately five days; he was then transported and dropped off in the brush about a day before his arrest. AMARO stated he and other persons were guided in a manner designed to circumvent the USBP Checkpoint by a brush guide whom he later identified via six-pack photo line-up (SANCHEZ). AMARO advised SANCHEZ guided them to a location where they were picked up on the side of a road by a man driving a van. AMARO was able to identify the driver of the vehicle via six-pack photo line-up (HAWKINS).

STATEMENT of MATERIAL WITNESS Rubin FLORES-Resendiz:
During interviews, subsequent to the advisement of his constitutional rights, FLORES made substantially the following statements (paraphrased):

FLORES admitted he is a citizen and national of Mexico who had entered and come to be in the United States without having been lawfully admitted. FLORES advised subsequent to crossing the Rio Grande River, he had been transported to a residence in an unknown location in Texas where he remained for approximately one day; he was then transported to a hotel where he remained for another three days. FLORES stated he was picked up from the hotel and transported to a location where he was dropped off in the brush about a day before his arrest. FLORES stated he and other persons were guided in a manner designed to circumvent the USBP Checkpoint by a brush guide whom he later identified via six-pack photo line-up (SANCHEZ). FLORES advised SANCHEZ guided them to a location where they were picked up on the side of a road by a man driving a van. FLORES was able to identify the driver of the vehicle via six-pack photo line-up (HAWKINS).

A query of Homeland Security databases indicates SANCHEZ has been apprehended by United States Border Patrol Agents on two previous occasions and administratively processed for alien smuggling. These previous apprehensions occurring in May of 2013, in Freer, Texas; and in April of 2014, in Weslaco, Texas; both in the Southern District of Texas.

DISPOSITION:
HSI Corpus Christi Special Agents were notified of the facts of the case and have initiated a criminal investigation based upon those facts. Affiant respectfully submits that probable cause exists to believe that both HAWKINS and SANCHEZ did knowingly aid, abet, transport, and/or harbor alien persons who had come to be in the United States illegally; those persons including AMARO, FLORES, and others, in violation of Title 8 United States Code 1324. Affiant further submits that AMARO and FLORES be detained as material witnesses in this matter.

David L. Muir
Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN to before me this 30st day of September, 2014

Jason B. Libby
United States Magistrate Judge